UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RAYMOND YONO, | ) | CASE NO. 4:10 CV 0511 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| J. T. SHARTLE, | ) | |
| | ) | |
| Respondent. | ) | |

Before the court is pro se petitioner Raymond Yono's above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. Mr. Yono, who is incarcerated at the Federal Correctional Institute at Elkton (F.C.I. Elkton) in Lisbon, Ohio, asserts the Bureau of Prisons (BOP) is not complying with the Second Chance Act of 2007. He brings this action against FSL Elkton Warden J.T. Shartle.

*Background*

Mr. Yono is serving a 24 month sentence imposed by the United States District Court for the Southern District of Michigan. He states he is scheduled for release on February 20, 2011. Beyond these facts, the petition is a generic recitation of law and facts that could apply to any prisoner in the custody of the BOP.

*Initial Review*

This matter is before the court for initial screening. 28 U.S.C. § 2243; <u>Harper v. Thoms</u>, No. 02-5520 2002, WL 31388736, at *1 (6th Cir. Oct. 22, 2002). At this stage, allegations in the petition are taken as true and liberally construed in petitioner's favor. <u>Urbina v. Thoms</u>, 270 F.3d 292, 295 (6th Cir.2001). As Mr. Yono is appearing <u>pro se</u>, his petition is held to less stringent standards than those drafted by attorneys. <u>Burton v. Jones</u>, 321 F.3d 569, 573 (6th Cir.2003); <u>Hahn v. Star Bank</u>, 190 F.3d 708, 715 (6th Cir.1999). For the reasons set forth below, however, the petition lacks merit.

*Not Entitled to Habeas Relief*

Mr. Yono fails to set forth any relevant facts suggesting he is entitled to relief. The petition is an outline of the legislative history of the Second Chance Act of 2007, an overview of the BOP's administrative review process and a suggestion of what rights to which Mr. Yono perceives federal prisoners are entitled. He makes general statements suggesting the Director of the BOP has an unwritten policy of never permitting a prisoner to be placed in a half-way house for more than 6 months. He does not, however, state if or when he requested half-way house placement, whether his request was reviewed under the Second Chance Act, or why he believes he was not evaluated for half-way house placement. There is no allegation the respondent failed to comply with the provisions of the Second Chance Act with regard to his specific case. Mr. Yono has not shown that he has suffered (or will suffer) an injury that is "fairly traceable" to a perceived policy which could be remedied by federal habeas relief. See <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992) (justiciable Article III case or controversy must involve an "injury in fact" which is "fairly traceable" to the challenged action and that it is "likely, as opposed to merely speculative" that the

injury will be redressed by a favorable decision.)  Without more, petitioner is not entitled to habeas relief.

## *Conclusion*

Based on the foregoing, this petition is dismissed pursuant to 28 U.S.C. § 2243.  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good  faith.


Dated: August 11, 2010                              *s/      James S. Gwin*
                                                      JAMES S. GWIN
                                                      UNITED STATES DISTRICT JUDGE